IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ronald Wood, ) | Civil Action No.: 9:12-3570-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Ronald Wood ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On December 9, 2013, the Magistrate Judge issued a Report and Recommendation in which he determined that the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 20). Plaintiff filed Objections on December 27, 2013 (ECF No. 22), and the Commissioner filed a Reply on January 13, 2014 (ECF No. 23).

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts are fully set forth in the administrative record ("R") and are summarized below in relevant part. At the time of the hearing before the ALJ, Plaintiff was 49 years old

1

with a high school education and past relevant work experience as an industrial painter, cable installer/IT technician, machine operator, and mechanic. (R. 12, 19, 31-34).

On June 5, 2009, Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB"), alleging disability beginning on August 24, 2006. (R. 10). The claim was denied initially and upon reconsideration. Thereafter, Plaintiff requested a hearing which was held on November 9, 2010. (R. 26-50). Plaintiff appeared and testified at the hearing. (R. 28-45). On November 24, 2010, the ALJ found that Plaintiff was not disabled under §§ 216 (I) and 223(d) of the Social Security Act and that Plaintiff was "capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (R. 20). The Appeals Council denied Plaintiff's request for review thereby making the ALJ's determination the final decision of the Commissioner. (R. 1).

On, December 18, 2012, Plaintiff filed the instant action seeking judicial review of the Commissioner's denial of benefits. Plaintiff contends that the Commissioner's decision should be reversed because (1) the ALJ erred by failing to properly consider and evaluate medical opinions; (2) the ALJ failed to adequately consider the effects of Plaintiff's impairments in combination; and (3) the ALJ failed to fully develop the record based on a one-hundred percent disability rating granted to the Plaintiff by the Veteran's Administration ("VA"). Upon review, the Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 20).

## PARTIES' RESPONSE

Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation ("Objections") and raised three primary arguments. Plaintiff objects to the Magistrate Judge's: (1) failure to properly consider his treating physician's opinions; (2) findings of law as to the ALJ's discussion of the combined effects of his impairments; and

(3) findings as to the legal standard for evaluating VA impairment ratings in Social Security disability proceedings. In response, the Commissioner asks the Court to reject Plaintiff's objections and to adopt the Magistrate Judge's Report and Recommendation. (ECF No. 23).

## STANDARD OF REVIEW

The Magistrate Judge recommends affirming the ALJ's decision and suggests that there is substantial evidence to support the decision of the Commissioner. (ECF No. 20). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report and Recommendation thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the

3

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971). The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion his rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment

4

that equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment that prevents past relevant work, and (5) has an impairment that prevents him from doing substantial gainful employment. 20 C.F.R. §§ 404.1520, 416.920.  If an individual is found not disabled at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a)(4), 416.920(a)(4).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir.1995) (*citing Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

In this matter, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of August 24, 2006, through his date last insured of December 31, 2009.  (R. 12).  Further, the ALJ found that Plaintiff suffers from several severe impairments including  lumbar arthrosis, cervical degenerative disc disease, right elbow osteoarthritis, carpal tunnel syndrome, right knee cervical degenerative disc disease, carpal tunnel syndrome, right knee impairment, left eye partial blindness, status post right leg fixture with residual deformity, status post closed head injury, post traumatic stress disorder (PTSD), major depressive disorder, and borderline intellectual functioning, thereby rendering him unable to perform his past relevant work. *Id.*  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairment in 20 CFR Part 404, Subpart P, Appendix 1.  (R. 13).  The ALJ also determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work that exists in significant numbers in the national economy.  (R. 15-20).  Therefore, the ALJ found that Plaintiff was not entitled to DIB.  (R. 20).

5

**Veteran's Administration Disability Rating**

Plaintiff objects to ALJ's failure to properly investigate and consider Plaintiff's Veteran's Administration disability rating ("VA disability rating"). (ECF No. 22 at 4). The Magistrate Judge suggests that the ALJ properly explained the consideration she gave to Plaintiff's VA disability rating and why she reached a contrary decision. With regard to Plaintiff's VA disability rating, the ALJ indicated that:

> The undersigned acknowledges that the Department of Veterans Affairs (VA) has assigned the claimant a 100 percent disability rating (Exhibit B 16E). However, the undersigned notes that the VA's standards for evaluating "disability" are very different from the standard used by Social Security. The undersigned further notes that the VA decision relies on medical evidence that is not before me, and not consistent with the records before me. For instance, the VA decision references a global assessment of functioning (GAF) score of 38, which according to the Diagnostic and Statistical Manual of Mental Disorder (DSM), represents very serious problems. But the evidence of record does not contain psychiatric records showing a GAF score of 38. Nor does the record contain any mental status reports or evaluations that would be consistent with a GAF that low. (Exhibit B16E). Thus, the undersigned does not give this report "differential" weight as argued by the claimant's representative, because it is not consistent with the record as a whole. The undersigned notes that a determination of whether an individual is disabled is clearly reserved to the Commissioner pursuant to Section 20 CFR 404.1527 and 416.927, and statements that a claimant is disabled are not given any special significance on the issue of disability.

(R. 18).

The Social Security regulations require the ALJ to consider decisions by other governmental agencies related to the claimant's disability. SSR 06–03p. The regulations also set forth that the Social Security Administration ("SSA") is not bound by decisions by other agencies, but state that the ALJ should "explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." *Id.* Notably, the ALJ's explanation corresponded to the evidence in the record before her concerning the VA's determination and was in accordance with

then-existing Fourth Circuit precedent. *See, e.g., Barnett v. Astrue*, C/A No. 3:10–1316, 2012 WL 75046, at *16 (S.D.W.Va. Jan.10, 2012) ("When comparing the standards for establishing disability promulgated by the SSA to the less exacting standards employed by the VA, the ALJ's decision to give 'little weight' to the VA determination is entirely reasonable.").

After the ALJ's hearing in this matter and after the Appeal's Council denied review, the Fourth Circuit Court of Appeals decided the case of *Bird v. Commissioner of Social Security*, 699 F.3d 337 (4th Cir.2012). In *Bird*, the Court found that the SSA must give "substantial weight" to a VA disability rating. *Id.* at 343. The *Bird* Court noted that the SSA and VA apply different standards, but also indicated that they "serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability," and both require extensive medical documentation. *Id.* Thus, a disability rating by one of the two agencies is "highly relevant to the disability determination of the other." *Id.* The opinion in *Bird* also recognized, however, that the "SSA employs its own standards for evaluating a claimant's alleged disability, and [ ] the effective date of coverage . . . under the two programs will likely vary." *Id.* As such, even under the new rule announced in *Bird*, the Commissioner may give less weight to a VA disability rating "when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id.

In this matter, Plaintiff argues *inter alia* that the ALJ's treatment of the VA disability ratings does not comport with the decision in *Bird*. (ECF No. 18 at 1). The Commissioner contends that the VA 's decision relied on medical evidence that was not before her and that was not consistent with the records that were before her. The Commissioner further contends that the medical records relied upon by the VA, which Plaintiff claims that the

ALJ should have obtained, predate the relevant period. Thus, the Commissioner contends the ALJ complied fully with SSA's policy in this case by giving reasons for not giving the VA disability rating much weight. (R. 18). The Court acknowledges that the ALJ identified reasons for discounting the VA disability ratings, and that this analysis was based on the law as it existed before the Fourth Circuit addressed the weight that the SSA must afford to a VA disability rating in *Bird*. The reasons outlined by the ALJ for giving the VA disability rating "differential" weight may have been sufficient before *Bird*. However, the Court is unable to discern from the present record whether or not the ALJ's discussion of the VA disability ratings "clearly demonstrates" that deviation from the VA disability ratings was appropriate. *Bird*, 699 F.3d at 343.[1] Additionally, the Court is unable to conclude that, after *Bird*, that the ALJ's analysis is supported by substantial evidence, or that the ALJ would have reached the same conclusion in light of the new standard. Therefore, the Court finds that this matter should be remanded to the Commissioner for further consideration of Plaintiff's VA disability rating in accordance with the standard set forth in *Bird*. The Court takes no position on whether or not the ALJ's current RFC determination will be impacted on remand following the ALJ's assessment of Plaintiff's VA impairment rating.

**Plaintiff's Other Objections**

In light of the Court's conclusion that this matter should be remanded for additional

---

[1] In her discussion regarding Plaintiff's VA disability rating, the ALJ states that the "VA relies on medical evidence that is not before me." (R. 18). If the record lacks information concerning the substance of the VA's disability decision, then the Commissioner must fully develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). ("This circuit has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate.")

8

consideration of the Plaintiff's VA disability rating, the Court will not address Plaintiff's remaining objections as they may be rendered moot.

## Conclusion

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the Court respectfully declines to adopt the Magistrate Judge's recommended disposition of this case. The Court notes that its function is not to substitute the Court's own judgment for that of the ALJ, but to determine whether the ALJ's decision is supported as a matter of fact and law. It may well be that substantial evidence exists to support the Commissioner's decision in the instant case. However, the Court cannot make that determination on the basis of the present record. Accordingly, the decision of the Commissioner is reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings consistent with this Order.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

February 18, 2014
Spartanburg, South Carolina